UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiff,

-against-

SONY MUSIC PUBLISHING (US) LLC; SONY MUSIC ENTERTAINEMENT; SONY CORPORATION OF AMERICA; SONY GROUP CORPORATION; JOHN DOES 1-10,

Defendants.

1:26-CV-5852 (JPC)

ORDER OF SERVICE

JOHN P. CRONAN, United States District Judge:

Plaintiff, who appears *pro se*, brings this action asserting claims of retaliation and of disability employment discrimination under the Americans with Disabilities Act of 1990 and the New York State and City Human Rights Laws. She sues: (1) Sony Music Publishing (US) LLC ("SMP"); (2) Sony Music Entertainment ("SME"); (3) Sony Corporation of America ("SCA"); (4) Sony Group Corporation ("SGC"); and (5) unidentified "John Does 1-10."[1] Plaintiff seeks, among other relief, declaratory relief, damages, front pay, back pay, and other injunctive relief. She also seeks to proceed under a pseudonym. (ECF 2, 8.)

By order dated July 17, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees. For the reasons discussed below, the Court grants Plaintiff's request to proceed in this action under the pseudonym "Jane Doe." The Court also directs the Clerk of Court to continue to restrict electronic public access to Plaintiff's original complaint, original "declaration of Jane Doe in support of motion to proceed under a pseudonym and to seal or redact identifying information," amended complaint, amended

[1] Plaintiff's amended complaint (ECF 7) is the operative pleading for this action.

"declaration of Jane Doe in support of motion to proceed under pseudonym and to seal or redact identifying information," and letter.[2] (ECF 1, 2, 7, 8, 9.) The Court directs service on SMP, SME, SCA, and SGC.

**DISCUSSION**

**A. Request to proceed under a pseudonym**

To the extent that Plaintiff seeks to proceed prospectively in this action under a pseudonym, the Court grants that request. Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Courts have, however, permitted a party to proceed pseudonymously in a limited number of circumstances. The United States Court of Appeals for the Second Circuit has articulated the following nonexhaustive list of 10 factors that a court should consider when deciding whether to permit a party to proceed under a pseudonym or anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether

---

[2] In an abundance of caution, the Clerk of Court has restricted electronic public access to these submissions, pending the Court's determination as to whether Plaintiff should be allowed to proceed under a pseudonym and whether the electronic public-view restrictions on these submissions should remain.

> any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-90 (cleaned up). "[T]his factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests . . . ." *Id.* at 190. (citation omitted).

With respect to the most relevant abovementioned factors, Plaintiff's allegations make clear that: (1) this action involves matters that are "highly sensitive and of a personal nature"; (2) "identification poses a risk of retaliatory physical or mental harm to" Plaintiff; (3) "identification presents other harms . . . [and] the injury litigated against [may be] incurred as a result of disclosure of [P]laintiff's identity"; (4) there does not appear to be any prejudice to be suffered by the Defendants, at least, at this initial stage of the litigation, by allowing Plaintiff to proceed under a pseudonym; (5) as discussed above, Plaintiff's identity has thus far been kept confidential; (6) the public's interest in the litigation is not furthered by requiring Plaintiff to reveal her identity; and (7) given the allegations, there is a weak public interest in revealing Plaintiff's identity. Plaintiff alleges that: (1) she is a child-rape victim; (2) the person who raped her was released from prison; (3) that person may have inquired about her at a house of worship she once attended; and (4) she fears for her safety. Accordingly, the Court grants Plaintiff's request to proceed in this action prospectively under a pseudonym. Plaintiff will, in this action, until further order of the court, refer to herself, and will be referred to by the Court and by the Defendants, as "Jane Doe." The parties will also not refer to Plaintiff's mailing address, residency, or telephone number in any future submission filed in this action, including via attachments or exhibits.

**B. Restrictions of public electronic view of Plaintiff's already-filed submissions**

The Court understands Plaintiff's request to proceed under a pseudonym as also requesting that her already-filed submissions in which she reveals her true name, mailing address, residency, and telephone number be restricted from public electronic view. These submissions include her original complaint, original "declaration of Jane Doe in support of motion to proceed under a pseudonym and to seal or redact identifying information," amended complaint, amended "declaration of Jane Doe in support of motion to proceed under pseudonym and to seal or redact identifying information," and letter. (ECF 1, 2, 7, 8, 9.) The Court grants that request as well.

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (footnote omitted).

The Second Circuit has set forth a three-part analysis to determine whether, under the common law, a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, , 119-20 (2d Cir. 2006). First, the Court must determine whether the document at issue is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted).

Second, if the Court determines that the material to be sealed is a judicial document, then the Court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given

the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d. 1044, 1049 (2d Cir. 1995).

Finally, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."[3] *Id.* (internal quotation marks and citation omitted).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Pleadings, which include the document that initiates a civil suit (a complaint), *see* Fed. R. Civ. P. 3, 7(a)(1), and by extension, its supplements, are considered judicial documents for the purposes of this analysis, *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 140 (2d Cir. 2016). The same is true for motions to restrict public access of court submissions. *E.g.*, *Brunkhorst v. Bischoff*, No. 21-CV-4362 (JPC), 2023 WL 1433573, at *1 (S.D.N.Y. Feb. 1, 2023).

---

[3] As to the relevant First Amendment analysis, there are two different approaches. The first is "the so-called 'experience and logic' approach[,] [which] requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question." *Lugosch*, 435 F.3d at 120 (citations omitted). The Second Circuit has noted that "[t]he courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness." *Id.* (citation and internal quotation marks omitted). As to the second approach, courts "consider[] the extent to which the judicial documents are 'derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings.'" *Id.* (citation and footnote omitted). Here, because the common law right of access allows the Court to grant Plaintiff's construed request, there is no need to discuss these approaches to First Amendment analysis.

After weighing the abovementioned factors, the Court finds that the abovementioned submissions should continue to be restricted from public electronic view. They are all judicial documents for the purposes of this analysis, either in their own right or as supplements to the original and/or amended complaints. For the purposes of public oversight of the federal judiciary, there may be value to or interest in these submissions. *See generally Perlman v. Visa USA, Inc.*, No. 1:24-CV-9793 (JHR) (KHP), 2025 WL 2962006, at *2 (S.D.N.Y. Oct. 20, 2025) ("The public has a significant interest in learning the details of employment discrimination cases to ensure that employers are held accountable for any discrimination and to ensure that the employment laws are not invoked for frivolous reasons. Employment discrimination is a serious matter and the public and the courts have an interest in ensuring the laws are enforced equitably."). But, given that these documents reveal Plaintiff's true name, mailing address, residency, and telephone number, and given that Plaintiff has alleged that she is a child-rape victim, the person who raped her has been released from prison and may have made inquiries about her at her former house of worship, and that she fears for her safety, her privacy interests outweigh the presumption of access. *See, e.g.*, *Crowe v. Capra*, No. 7:22-CV-2274 (PMH) (AEK), 2023 WL 7722345, at *1 (S.D.N.Y. Nov. 15, 2023) ("[T]he importance of safeguarding a minor sexual assault victim's identity is a 'compelling reason' to limit the general public's access to documents filed in a case."); *Clarke v. Griffin*, No. 7:13-CV-4812 (NSR) (JCM), 2017 WL 11571793, at *1 n.2 (S.D.N.Y. May 11, 2017) ("[T]he Court has determined that safeguarding the identity of a rape victim is a compelling reason for limiting public access to non-redacted judicial documents in this case."), *report & recommendation adopted*, 2020 WL 6365971 (S.D.N.Y. Oct. 28, 2020); *Scott v. Graham*, No. 1:16-CV-2372 (KPF) (JLC), 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17, 2016) ("Here, there is a compelling reason to limit the general public's access to the

documents filed in this case: safeguarding the identity of a rape victim."). Accordingly, the Court directs the Clerk of Court to continue to restrict, until further order of the court, electronic public access to Plaintiff's original complaint, original "declaration of Jane Doe in support of motion to proceed under a pseudonym and to seal or redact identifying information," amended complaint, amended "declaration of Jane Doe in support of motion to proceed under pseudonym and to seal or redact identifying information," and letter. (ECF 1, 2, 7, 8, 9.)

### C. Service on SMP, SME, SCA, and SGC

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the assistance of the court and the United States Marshals Service ("USMS") to effect service.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on SMP, SME, SCA, and SGC through the USMS, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 form") for SMP, SME, SCA, and SGC. The Clerk of Court is further instructed to issue

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that the summons and the complaint be served within 90 days of the date that the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended complaint and ordered that summonses for SMP, SME, SCA, and SGC be issued. The Court therefore extends the time to serve SMP, SME, SCA, and SGC until 90 days after the date that the summonses for SMP, SME, SCA, and SGC are issued. If the amended complaint is not served on SMP, SME, SCA, and SGC within 90 days from the date that summonses for these Defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

summonses for SMP, SME, SCA, and SGC and deliver to the USMS all the paperwork necessary for the USMS to effect service of the summonses and the amended complaint (ECF 7) on SMP, SME, SCA, and SGC.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss this action if she fails to do so.

**D. City Bar Justice Center**

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist parties representing themselves in civil cases filed in this court.[5] Appointments can be scheduled by completing the CBJC's intake form. If Plaintiff is not able to complete this form, or if she has questions about the form, she should call (212) 382-4794. A flyer with details is attached.

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court grants Plaintiff's request to proceed prospectively in this action under the pseudonym "Jane Doe." Plaintiff will, in this action, until further order of the court, refer to herself, and will be referred to by the Court and by the Defendants, as "Jane Doe." The parties will also not refer to Plaintiff's mailing address, residency, or telephone number in any future submission filed in this action, including via attachments or exhibits.

The Court further grants Plaintiff's construed request that any already-filed submissions that include her true name, mailing address, residency, and telephone number remain restricted from public electronic view. These submissions include her original complaint, original

[5] The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

"declaration of Jane Doe in support of motion to proceed under a pseudonym and to seal or redact identifying information," amended complaint, amended "declaration of Jane Doe in support of motion to proceed under pseudonym and to seal or redact identifying information," and letter. (ECF 1, 2, 7, 8, 9.)

The Court additionally directs the Clerk of Court to: (1) issue summonses for Defendants Sony Music Publishing (UA) LLC, Sony Music Entertainment, Sony Corporation of America, and Sony Group Corporation; (2) complete the USM-285 forms with the service addresses for these Defendants; and (3) deliver all documents necessary to effect service of the summonses and the amended complaint (ECF 7) on these Defendants to the USMS.

SO ORDERED.

Dated: September 3, 2026
New York, New York

ROBYN F. TARNOFSKY
United States Magistrate Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Sony Music Publishing (US) LLC
25 Madison Avenue
New York, New York 10010

2. Sony Music Entertainment
25 Madison Avenue
New York, New York 10010

3. Sony Corporation of America
25 Madison Avenue
New York, New York 10010

4. Sony Group Corporation
25 Madison Avenue
New York, New York 10010