UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiff,

-against-

SONY MUSIC PUBLISHING (US) LLC, et. al.,

Defendants.

26-CV-5852 (JPC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff's application for the Court to seek pro bono counsel in connection with this case because she has "a disability that affects [her] ability to litigate in some of the following ways: reading or processing court papers, meeting deadlines, difficulty with concise communication and maintaining focus during verbal exchanges, organizing evidence, conducting discovery, participating in conferences . . . ." (ECF 26, Pro Bono Counsel Application.) For the reasons set forth below, that application is **DENIED** without prejudice to refiling at an appropriate time.

Federal judges have "broad discretion" when deciding whether to try to obtain pro bono counsel for litigants who cannot afford to hire their own lawyer. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *see also Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters." *Burgos*, 14 F.3d at 789; 28 U.S.C. § 1915(e) (formerly 28 U.S.C. § 1915(d)). In fact, courts should seek pro bono counsel judiciously to preserve the "precious commodity" of volunteer lawyers for those litigants who truly would benefit from a lawyer's assistance. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). "Because this Court does not have a panel of attorneys who can be compelled to take on civil cases pro bono, and does not have the resources to pay

counsel in civil matters, the appointment of counsel is a rare event." *Garcia-Garcia v. City of N.Y.*, No. 12-CV-1302 (CM), 2013 WL 150206, at *1 (S.D.N.Y. Jan. 11, 2013).

The Second Circuit in *Hodge* ruled that, before seeking pro bono counsel for a pro se litigant in a civil case, a court must first determine "whether the indigent's position seems likely to be of substance"; this "merit" factor requires the most attention. *Hodge*, 802 F.2d at 61; *Cooper*, 877 F.2d at 174. In making this determination, the court construes the pro se pleadings liberally, interpreting them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of N.Y.*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010). "If the claim meets this threshold requirement," the court should consider the litigant's ability to obtain counsel and her ability "to handle the case without assistance in [ ] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *see also Hodge*, 802 F.2d at 61-62.

This case was filed only three months ago (*see* ECF 1, Compl.); and no Defendants have been served yet. "At this early stage in the proceedings this early stage in the proceedings, there is no indication that Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex." *Bridges v. New York Corr. Servs.*, No. 17-CV-2220 (NSR), 2018 WL 11374186, at *1 (S.D.N.Y. Mar. 8, 2018); *see also McFadden v. Keyser*, No. 23-CV-0802 (NSR) (JCM), 2026 WL 1134590, at *3 (S.D.N.Y. Apr. 27, 2026) (denying an application for pro bono counsel because discovery was not yet complete, it was too early to determine the likelihood of success of the plaintiff's claims, the parties had not moved for summary judgment, and the plaintiff had filed many letters and applications on the docket demonstrating her ability

to litigate the case without the assistance of counsel), *reconsideration denied,* 2026 WL 1415431 (S.D.N.Y. May 20, 2026). Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers," *Hayes v. Dep't of Educ. of City of N.Y.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, (1972)), Plaintiff has not demonstrated that finding pro bono counsel for her would make it more likely that the Court will make "a just determination in this case." *Shelby v. Petreucci*, No. 23-CV-4315 (KMK), 2023 WL 6623180, at *3 (S.D.N.Y. Oct. 11, 2023).

Beyond Plaintiff's failure to show that her claims have a strong chance of success, the filing by a medical provider in support of Plaintiff's application lists accommodations short of seeking pro bono counsel that would limit the burden on Plaintiff of litigating with a disability; those accommodations include providing Plaintiff with additional time to review documents and prepare filings, extending deadlines; providing written instructions supplemented by oral explanations when appropriate; allowing Plaintiff to take reasonable breaks during Court proceedings, and allowing her additional time to process information. (*See* ECF 26, Application for Pro Bono Counsel at 3.) I will make any reasonable accommodations of this nature if requested by Plaintiff.

Even without accommodations, Plaintiff has demonstrated her ability to make many filings, including motions for leave to amend the complaint. I cannot conclude that Plaintiff has justified being provided with pro bono counsel at this time or that Plaintiff cannot handle the case without assistance at this time. Plaintiff may renew her request at a later stage in the case if this case proceeds and if circumstances change.

The Clerk of Court is respectfully requested to terminate ECF 26.

DATED: October 13, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**