UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiff,

-against-

SONY MUSIC PUBLISHING (US) LLC, et. al.,

Defendants.

26-CV-5852 (JPC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is the renewed motion by Plaintiff, who is proceeding without a lawyer (pro se), to transfer this action to the United States District Court for the Eastern District of New York ("EDNY") pursuant to 28 U.S.C. § 1404(a) (the "Motion"). (*See* ECF 30, Mot. at 1.) For the reasons set forth below, the Motion is **DENIED**.[1]

**BACKGROUND**

On July 9, 2026, Plaintiff filed a complaint against Defendants Sony Music Publishing (US) LLC ("SMP"), Sony Music Entertainment ("SME"), Sony Corporation of America ("SCA"), Sony Group Corporation ("SGC"), and John Does 1-10, bringing claims for (1) retaliation under the Americans with Disabilities Act ("ADA") (Count I); (2) disability discrimination and wrongful termination under the ADA; (3) failure to accommodate under the ADA (Count II); (4) disability-based hostile work environment under the ADA (Count III); (5) retaliation under New York State Human Rights Law ("NYSHRL") (Counts V, VII); (6) disability discrimination, failure to

---

[1] Motions for a change of venue are classified as non-dispositive matters and as a result, a magistrate judge has authority to address such motion by order rather than by issuing a report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Mirabal v. Deutsche Bank Nat'l Tr. Co.*, No. 25-CV-7418 (LJL), 2025 WL 3692193, at *1 (S.D.N.Y. Dec. 19, 2025).

accommodate, failure to engage in cooperative dialogue, and hostile work environment under NYSHRL (Counts VI, VIII);and (7) tortious interference with prospective economic advantage (Count IX). (*See* ECF 1, Compl. ¶¶ 12-17, 151-203.) On July 30, 2026, Plaintiff filed an amended complaint, bringing the same claims against but adding factual allegations. (*See generally* ECF 7, Am. Compl.)

On September 2, 2026, this matter was referred to me for general pretrial supervision and dispositive motions. (*See* ECF 11, Ord. of Ref. at 1) On September 17, 2026, Plaintiff filed a motion for leave to file a second amended complaint, which I granted. (*See* ECF 17, Pl.'s Mot. To Am. at 1; ECF 18, Order at 2.) On September 25, 2026, Plaintiff filed her second amended complaint, bringing the same claims but adding factual allegations. (*See generally* ECF 19, Second Am. Compl.). On October 1, 2026, Plaintiff filed a motion for leave to file a third amended complaint, which I granted. (*See* ECF 21, Pl.'s Second Mot. To Am. at 1; ECF 23, Order at 2.) The same day, Plaintiff filed her third amended complaint ("TAC"), bringing the same claims but adding factual allegations. (*See generally* ECF 22, Third Am. Compl. ("TAC"))

On October 7, 2026, Plaintiff filed an application requesting pro bono counsel (ECF 26); I denied the application without prejudice to renewal later in the case (ECF 27). Less than a week later, on October 13, 2026, Plaintiff filed a motion based on her intention to file a motion to transfer venue: she asked to temporarily stay her obligation to serve Defendants with the operative complaint pending a determination on her venue transfer motion, or, alternatively, for an extension of time to serve until after adjudication of the venue motion. (ECF 28, Mot. To Stay at 2-3.) I denied that motion (ECF 29, Order at 1), and Plaintiff objected (ECF 31). On

October 14, 2026, Plaintiff filed this Motion. The TAC and summons have not yet been served on any of the Defendants; the deadline is December 10, 2026.

**LEGAL STANDARD ON A MOTION TO TRANSFER VENUE**

A court may transfer a case to any other district where the case might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).[2] A court considering whether to grant a motion to transfer first considers whether the case could have been brought in the proposed transferee court and then weighs the private and public interests to determine if transfer is appropriate. *See Moeller-Bertram v. Gemini Tr. Co., LLC*, No. 23-CV-2027 (LJL), 2024 WL 1860061, at *2 (S.D.N.Y. Apr. 29, 2024). Then, the court analyzes the following ten factors: "(1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances." *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).

"A motion to transfer venue is not ordinarily granted at the request of the party who chose the forum in the first place." *Ferrostaal, Inc. v. M/V Eagle*, No. 02-CV-1887 (NRB), 2003 WL 2146689, *2 (S.D.N.Y. June 30, 2003). A plaintiff "has already had an opportunity to choose

---

[2] Unless otherwise indicated, this order omits internal quotation marks, citations, and alterations from quoted text.

the venue when filing the action"; as a result, a plaintiff seeking to transfer venue "must demonstrate . . . that after the action was filed there was a change of circumstances that warrants transferring the action to the transferee forum." *Id.* Demonstrating changed circumstances is a threshold requirement. *See Anglo American Ins. Group, P.L.C. v. CalFed Inc.*, 916 F. Supp. 1324, 1328 (S.D.N.Y. 1996) ("The threshold question when deciding a § 1404(a) motion by a plaintiff is whether plaintiff has shown that a change in circumstance since the complaint was filed warrants a transfer," which "is a sensible rule since the plaintiff initially has the choice of forum."). However, some courts in this District have found that "a showing of changed circumstances is not required if transfer is in the interests of justice." *Posven, C.A. v. Liberty Mut. Ins. Co.,* 303 F. Supp. 2d 391, 407 (S.D.N.Y. 2004).

Because Plaintiff is proceeding pro se, I construe Plaintiff's motion papers liberally "to raise the strongest arguments they suggest." *Wilson Lei Chen v. X. Corp*., No. 26-CV-00047 (ER), 2026 WL 3082938, at *2 (S.D.N.Y. Oct. 15, 2026).

## <u>DISCUSSION</u>

### I. Plaintiff Has Not Demonstrated a Change in Circumstances Warranting Transfer or that Transfer Would Be in the Interest of Justice

Plaintiff argues that this case should be transferred to the EDNY because she originally intended to file her complaint there but inadvertently filed her complaint in this District due to her executive functioning disorder, which impairs her "ability to manage complex tasks and follow multi-step procedures." (ECF 30, Mot. ¶¶ 1-2.)[3] She notes that as a pro se litigant, she

[3] She does not explain what led her to realize her error three months after filing in this District and after making two applications to amend the complaint and an application for pro bono counsel.

faces “significant challenges in pursuing claims against a large, well-resourced defendant” and asks that “the Court consider these circumstances and the importance of fairness and access to justice in evaluating [her] motion.” (*Id.* ¶ 3.)

Plaintiff has not demonstrated a change in circumstances that has taken place since filing suit that would warrant transfer. Plaintiff’s discovery that she inadvertently filed her complaint in this District does not constitute such a change. *See Philpot v. Kos Media LLC*, No. 16-CV-1523 (AT) (BCM), 2017 WL 2271540, at *2 (S.D.N.Y. May 3, 2017) (explaining that a “plaintiff’s realization that [she] filed [her] case in the wrong district . . . does not qualify as a change of circumstances sufficient to justify a change of venue in the interest of justice”); *Harem-Christensen Corp. v. M. S. Frigo Harmony*, 477 F. Supp. 694, 698 (S.D.N.Y. 1979) (finding that the plaintiff’s mistake in bringing its suit in the wrong forum was “not [s] sufficient reason to compel a change of venue in the interest of justice”).

Nor has Plaintiff demonstrated that a transfer would be in the interest of justice. Circumstances supporting a transfer in the interest of justice include, for example, when refusal to transfer would prejudice the plaintiff, because the court in the original venue lacks personal jurisdiction over the defendants and would otherwise dismiss the claims after the statute of limitations had run. *See Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 80-81 (2d Cir. 1978); *Posven*, 303 F. Supp. 2d at 407-08 (granting the plaintiff’s motion to transfer to allow related claims to be litigated together where one defendant would have otherwise been dismissed for lack of personal jurisdiction); *Gipromer v. SS Tempo*, 487 F. Supp. 631, 633 (S.D.N.Y. 1980) (finding that granting the plaintiff’s motion to transfer was in the interest of justice because denial would result in its claims being barred by the statute of limitations).

Plaintiff does not argue that denying her motion to transfer would result in her being unable to bring any of her claims. And while Plaintiff's disability and pro se status may present challenges, those challenges exist whether she litigates in this District or the EDNY.

**II. The Private and Public Interests Weigh Against Transfer**

Even if Plaintiff had shown the required change in circumstances or that transfer would be in the interest of justice, the private and public interests weigh against transfer.

A. <u>The Propriety of Venue in the EDNY</u>

Under 28 U.S.C. § 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). I address venue under Sections 1391(b)(1) and (b)(2). Section 1391(b)(3) is inapplicable because there are districts where venue would be proper under Sections 1391(b)(1) and (b)(2).

Plaintiff argues that venue is proper in the EDNY because her principal residence is in Queens County and all her work duties were performed in Staten Island, both of which are in the EDNY. (*See* ECF 30, Mot. ¶ 5.) A corporate defendant such as Defendants here resides in the State where it is incorporated or has its principal place of business. *See Reilly v. Commerce*, No. 15-CV-5118 (PAE) (BCM), 2016 WL 6837895, at *4 (S.D.N.Y. Oct. 31, 2016) ("Pursuant to subsection 1391(c)(2), a corporation resides where it is incorporated and where it maintains its principal place of business."). The TAC alleges that (1) Plaintiff resides in New York, New York

(*see* ECF 22, TAC ¶ 9); (2) SMP is a Delaware limited liability company with offices in New York, New York (*see id.* ¶ 12); and (3) Defendant SME operates in New York, New York (*see id.* ¶ 14). The TAC makes no allegations about the places of incorporation or principal places of business of SCA or SGC.

Venue generally is not determined based on the plaintiff's residence. *See Mahmood v. Nielsen*, 312 F. Supp. 3d 417, 423 (S.D.N.Y. 2018) ("Venue concerns the appropriate forum for a lawsuit based on where a plaintiff's claims arise and where the defendants reside."); *Arkwright Mut. Ins. Co. v. Scottsdale Ins. Co.*, 874 F. Supp. 601, 605 (S.D.N.Y 1995) (denying plaintiff's assertion that venue was proper in the jurisdiction where it resided "venue is no longer determined by the residence of the plaintiff"). That SMP and SME have offices or operate in New York, New York does not establish that those entities are residents of New York State, although there is caselaw suggesting that both have their principal place of business in New York.[4] Plaintiff has not made any showing about the residences of SCA or SGC, although there is caselaw suggesting that SCG is a Japanese company with its principal place of business in Japan.[5] Thus, Plaintiff has not shown that venue is proper in the EDNY under 28 U.S.C. § 1391(b)(1).

---

[4] *See Structured Asset Sales, LLC v. Sheeran*, No. 20-CV-4329 (RA), 2021 WL 1199495, at *2 (S.D.N.Y. March 30, 2021) (identifying SMP as a Delaware limited liability company with its principal places of business in New York); *Sony Music Enter. Inc. v. Pedestal Prods., Inc.*, No. 01-CV-4033 (RLC), 2002 WL 1226861, at *1 (S.D.N.Y. 2002) (describing SME as a Delaware corporation with its principal place of business in New York).

[5] *See United States v. Sony Corp. of Am.*, No. 98-CV-2716 (MP), 1998 WL 1542829, at *2 (S.D.N.Y. May 6, 1998) (identifying SCA as a New York corporation with its headquarters in New York, New York); *Meserole v. Sony Corp. of Am., Inc.*, No. 08-CV-08987 (RPP), 2009 WL 1403933, at *1 (S.D.N.Y. 2009) (identifying SGC as a Japanese corporation); *Tessera, Inc. v. Sony Elec. Inc.*,

For venue in the EDNY to be proper under 28 U.S.C. § 1391(b)(2), Plaintiff would have to show that a substantial part of the events or omissions giving rise to the claim occurred there. The TAC alleges that "the unlawful employment practices were committed . . . at Defendants' Manhattan offices at or around 25 Madison Avenue, New York, New York." (ECF 22, TAC ¶ 24.) This allegation is not easy to reconcile with Plaintiff's current assertion that all her work duties were performed in Staten Island. Nevertheless, construing Plaintiff's filings liberally, I take them as arguing that substantial portions of the events and omissions underlying her claims took place both in Manhattan and in Staten Island. After all, venue may be proper in more than one district. *See Perrone v. Catamount Ski Resort, LLC*, No. 19-CV-8054 (KMK), 2020 WL 2538464, at *3 (S.D.N.Y. May 19, 2020) ("A corporate defendant in a state with multiple judicial districts shall be deemed to reside in any district in that [s]tate within which its contacts would be sufficient to subject it to personal jurisdiction"); *Brown v. XGen Pharms. DJB, Inc.*, No. 22-CV-7294 (NGG) (SJB), 2023 WL 8372821, at *1 (E.D.N.Y. Dec. 4, 2023) ("[F]or corporations, section 1391(d) disposes of the concept of residence in a single district."). I therefore conclude that Plaintiff has alleged that a substantial part of the events leading up to her claim took place in the EDNY as well as in this District, such that the case could have been brought in the EDNY originally.

B. The Balance of Public and Private Interests Favors Denying the Motion

The factors weighed by the Court to determine whether transfer is warranted favor keeping Plaintiff's case in this District.

---

No. 10-CV-0838 (RMB) (KW), 2012 WL 1107706, at *5 (D. Del. March 30, 2012) (identifying SGC as a Japanese corporation with its principal place of business in Japan).

1. The Convenience of the Parties and Witnesses

I construe Plaintiff's statement that she resides in Queens as an argument that the EDNY is a more convenient forum for her. However, convenience is measured "in light of the realities of modern transportation and communication," and this District is not inconvenient to Queens, because the Manhattan federal courts are easily accessible by public transportation from Queens. *Calavo Growers of CA v. Generali Belgium*, 632 F.2d 963, 969 (2d Cir. 1980) (Newman, J., concurring); *see also Wiley v. Paulson*, No. 06-CV-172 (DGT), 2007 WL 9718901, at *4 (E.D.N.Y. July 23, 2007) (finding that the convenience factor weighed against transfer where both the original district and the district to where transfer was sought were "both [] well served by public transportation"). Therefore, the convenience of the parties disfavors transfer.

As for the convenience of witnesses, assuming that the witnesses would be employees of Defendants, which Plaintiff alleges largely have offices in Manhattan, the EDNY is not more convenient. Even if the EDNY is more convenient for Plaintiff, "[t]ransfer should not be ordered if the result is merely to shift the inconveniences to the non-movant." *Sequa Corp. v. Bailey*, No. 88-CV-7161 (JFK), 1989 WL 60036 at *3 (S.D.N.Y. June 1, 1989); *see also Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690, 693 (S.D.N.Y. 1994) ("A transfer should not merely shift the burden of inconvenience from one party to the other.").

2. Location of Documents

Plaintiff has made no statement about the location of documents. It seems likely that some documents would be located at her residence(s) and others would be located at Defendants' offices. However, "most documents are electronic or can be shared electronically," which makes this factor neutral. *Royal & Sun Alliance ins., PLC v. Nippon Express USA, Inc.*, 202

F. Supp. 3d 399, 409 (S.D.N.Y. Aug. 18, 2016) (explaining that "given the well-established use of electronic discovery, and absent any concrete illustration of inconvenience to either side relating to documents or other non-testimonial evidence," the factor is neutral).

3. Locus of Operative Facts, Availability of Process To Compel Witness Attendance, and the Forum's Familiarity with Governing Law

While the locus of the operative facts is difficult to assess based on Plaintiff's seemingly contradictory statements in her Motion and the TAC, the distance between the Manhattan federal courthouses and the EDNY is negligible. This factor is neutral. As to the availability of process to compel the attendance of the unwilling witnesses and the forum's familiarity with the governing law, there is no difference between the EDNY and this District. These factors also are neutral.

4. Efficiency and the Interest of Justice

In assessing efficiency and the interest of justice under the totality of the circumstances, courts are to assess which forum will make "the resolution of [the] case easy, expeditious and inexpensive." *Eichenholtz v. Brennan*, 677 F. Supp. 198, 200 (S.D.N.Y. 1988). I have been overseeing this case for fewer than two months, since September 2026, but Plaintiff has already made several applications for various forms of relief, which has required me to become familiar with the allegations. Transferring this case now would require a new judge to familiarize herself with the facts and procedural history, which would be inefficient. These factors weigh against transfer.

5. Relative Means of the Parties and the Plaintiff's Choice of Forum

Defendants undoubtedly have greater means than Plaintiff, and so that factor weighs in favor of transfer. Plaintiff's original choice of forum, albeit by mistake, weighs against transfer. *See Philpot*, 2017 WL 2271540, at *2 (finding that a plaintiff "remains bound" by their original choice of forum, even if chosen by mistaken, absent "a change of circumstances, since filing the suit, sufficient to support a transfer").

****

In summary, the following factors weigh against transfer: the convenience of the parties and witnesses; efficiency; the interest of justice under the totality of the circumstances; and Plaintiff's choice of forum. The following factors are neutral: the location of documents; the locus of operative facts; availability of process to compel witness attendance; and the forum's familiarity with governing law. The only factor weighing in favor of transfer is the relative means of the parties, which cannot, without more, support transfer.

## CONCLUSION

For the foregoing reasons, the Motion (ECF 30) is **DENIED**. The Clerk of Court is respectfully requested to terminate ECF 30.

Dated: October 26, 2026
New York, NY

**SO ORDERED.**

_______________________
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**